## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## AT PIKEVILLE
## CASE NO. _____

ALYSHIA R. HORN, individually and                                                          PLAINTIFFS
as Administratrix of
THE ESTATE OF ELEANOR J. HORN
233 Little Dry Fork
Whitesburg, Kentucky 41858

and

JAMES GRANT LEE HORN
233 Little Dry Fork
Whitesburg, Kentucky 41858

vs.

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

UNITED STATES OF AMERICA                                                                    DEFENDANT

\*\*\*\*\*\*\*\*\*\*

Come the Plaintiffs, Alyshia R. Horn, individually and as Administratrix of the Estate of Eleanor J. Horn and James Grant Lee Horn, by counsel, for their Complaint against the Defendant, United States of America, states as follows:

### INTRODUCTION

1. This is an action against the Defendant, United States of America, under the Federal Tort Claims Act, (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b), for negligence and in connection with medical care provided to Plaintiffs Alyshia R. Horn and Eleanor J. Horn, deceased by Nathan Baker, M.D., an employee of Mountain Comprehensive Health Corporation at Whitesburg ARH Hospital.

2. The claims herein are brought against the Defendant, pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b), for monetary damages as compensation for personal injuries caused by Defendant's negligence.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act, See, Standard Form 95 attached hereto as Exhibit A.

4. This suit has been timely filed, in that Plaintiffs timely served notice of their claims on both the Department of Health and Human Services and the United States Department of Justice less than two years after the incident forming the basis of this suit.

5. Plaintiffs are now filing this Complaint as it has been over six months since the Plaintiff served notice of the claim on the Department of Health and Human Services and the United States Department of Justice and the agency has failed to make a final disposition of the claim. See the Department of Health and Human Services acknowledgment letter confirming receipt of the claim on May 30, 2024, attached hereto as Exhibit B.

## PARTIES, JURISDICITION, AND VENUE

6. At all times mentioned herein Plaintiff, Alyshia R. Horn, was the mother of Eleanor J. Horn, deceased, and a resident of Letcher County, Kentucky.

7. Plaintiff, Alyshia R. Horn, is the qualified and duly appointed Administratrix of the Estate of Eleanor J. Horn, deceased, appointed by the Letcher County District Court (A copy of the Appointment is attached as Exhibit C).

8. At all times mentioned herein Plaintiff, James Grant Lee Horn, was the father of Eleanor J. Horn, deceased, and a resident of Letcher County, Kentucky.

9. Plaintiff, Alyshia R. Horn, is the qualified and duly appointed Administratrix of the Estate of Eleanor J. Horn, deceased, appointed by the Letcher County District Court (A copy of the Appointment is attached as Exhibit A).

10. Defendant, United States of America, including but not limited to, Nathan Baker MD and its directors, employees, agents, and staff at Mountain Comprehensive Health Corporation, located in Whitesburg, Letcher County, Kentucky is hereinafter referred to as "Mountain Comprehensive Health Corporation."

11. Mountain Comprehensive Health Corporation is a Federal Torts Claims Act entity, and its employees are covered as individuals under 42 USC 233.

12. Mountain Comprehensive Health Corporation receives Health and Human Services funding and is deemed a Public Health Services employee under 42 U.S.C. 233(g)-(n).

13. At all times relevant to this Complaint, Mountain Comprehensive Health Corporation held themselves out to the Plaintiffs as a provider of high-quality healthcare services, with the expertise necessary to maintain the health and safety of patients like the Plaintiffs Alyshia and Eleanor Horn.

14. At all times relevant to this Complaint, the directors, employees, agents, and staff, including but not limited to Nathan Baker, M.D., of Mountain Comprehensive Health Corporation, were employed by and/or acting on behalf of the Defendant United States of America. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents, including but not limited to Nathan Baker, M.D., under respondent superior.

15. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1)

16. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Eastern District of Kentucky.

## FACTUAL ALLEGATIONS

17. On or about May 29th, 2023, Alyshia Horn was admitted to Whitesburg ARH Hospital, in Letcher County, Kentucky. Alyshia Horn's attending obstetrician was Nathan Baker, M.D., an employee and/or agent of Mountain Comprehensive Health Corporation.

18. During Alyshia Horn's labor and delivery of Eleanor Horn, Nathan Baker, M.D., breached the standard of care. Nathan Baker, M.D. negligently managed the labor of Alyshia Horn and failed to recognize and/or respond to signs of fetal distress as evidenced on the fetal heart monitor tracing prior to the delivery of Eleanor J. Horn, deceased. Furthermore, Nathan Baker, M.D., breached the standard of care by failing to properly and timely deliver Eleanor J. Horn, deceased. As a result, at approximately 1:42 a.m. on May 30, 2023, Eleanor J. Horn was born without a heart rate or respirations. Eleanor was not able to be resuscitated and was pronounced dead at 2:41 a.m. on May 30, 2023

19. During the course of Alyshia Horn's obstetric treatment and labor and delivery of Eleanor J. Horn, deceased, Nathan Baker, M.D., was negligent and careless in his treatment of Alyshia Horn and her child, Eleanor J. Horn, deceased, and such negligence and carelessness was a substantial factor in causing and/or contributing to the physical injuries and damages of these Plaintiffs, and the subsequent death of Eleanor J. Horn.

## CAUSE OF ACTION – NEGLIGENCE

20. On or about May 29, 2023 and May 30, 2023, and thereafter, Defendant, United States of America, by and through Nathan Baker, M.D., an agent, servant, and employee, and/or ostensible or apparent agent, servant, and/or employee of Mountain Comprehensive Health Corporation provided medical care and treatment to Alyshia R. Horn and Eleanor J. Horn, deceased, at Whitesburg ARH Hospital located at 240 Hospital Road, Whitesburg, Kentucky 41858.

21. On or about May 29, 2023, and May 30, 2023, and thereafter, the Defendant, United States of America by and through its agents, servants, and employees, and/or ostensible or apparent agents, servants, and/or employees, including, but not limited to Nathan Baker, M.D., deviated from the accepted standard of care in the performance of its medical responsibilities to Alyshia R. Horn and Eleanor J. Horn, deceased, and such deviations constitute medical negligence and were a substantial factor in causing Eleanor's injuries and subsequent death on May 30, 2023.

22. On or about May 29, 2023, and May 30, 2023, and thereafter, Defendant, United States of America, failed to provide Plaintiffs with reasonable informed consent to include the risk and hazards inherent in medical care and treatment provided by Defendant, United States of America, by and through its agents, servants, and employees, and/or ostensible or apparent agents, servants, and/or employees, including but not limited to, Nathan Baker, M.D.

23. At all times mentioned herein, the Defendant, United States of America, failed to establish adequate policies and/or procedures for its agents, servants, and employees, and/or ostensible or apparent agents, servants, and/or employees, including, but not limited to Nathan Baker, M.D.

24. At all times mentioned herein the Defendant, United States of America, failed to promulgate and enforce policies and procedures regarding the medical care and treatment provided to Alyshia R. Horn and Eleanor J. Horn, deceased.

25. Defendant, United States of America, and its agents, servants, and employees, and/or ostensible or apparent agents, servants, and/or employees acting jointly and severally had a duty to provide ordinary care and to exercise that standard and degree of care and skill required of healthcare providers, consistent with the expertise that the Defendant presented to the community at large.

26. Defendant, United States of America, and its agents, servants, and employees, and/or

ostensible or apparent agents, servants, and/or employees acting jointly and severally, breached its duty of care to Plaintiffs Alyshia R. Horn and Eleanor J. Horn, deceased.

27. As a direct and proximate result of the negligence of the Defendant as described above, the decedent, Eleanor J. Horn, died on May 30, 2023.

28. The acts and/or omissions set forth above would constitute a claim under the laws of the Commonwealth of Kentucky.

29. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## DAMAGES

30. As a direct and proximate result of the negligence and carelessness of the Defendant, as described above, Eleanor J. Horn, was caused to suffer physical pain and mental anguish arising from her injuries prior to her death, and, as such, Defendant is liable to the Estate of Eleanor J. Horn for past mental anguish, emotional distress, and physical pain and suffering prior to death.

31. As a direct and proximate result of the negligence and carelessness of the Defendant, as described above, The Estate of Eleanor J. Horn, deceased, was damaged by reason of the destruction of her power to labor and earn money.

32. As a direct and proximate result of the negligence and carelessness of the Defendant, as described above, The Estate of Eleanor J. Horn was caused to incur medical and funeral and burial expenses.

33. As a direct and proximate result of Eleanor J. Horn's death, her mother, Alyshia R. Horn has suffered damages, including but not limited to mental anguish and loss of love, affection, and companionship that would have been derived from her during her minority.

34. As a direct and proximate result of Eleanor J. Horn's death, her father, James Grant Lee Horn has suffered damages, including but not limited to mental anguish and loss of love, affection,

and companionship that would have been derived from her during her minority.

**WHEREFORE**, the Plaintiffs, Alyshia R. Horn, individually and as Administratrix of The Estate of Eleanor J. Horn and James Grant Lee Horn, demand judgment against the Defendant, United States of America, as follows:

a. For compensatory damages, including pain and suffering and mental anguish prior to death, medical expenses prior to death, destruction of earning capacity, loss of consortium of James Grant Lee Horn and Alyshia R. Horn, and wrongful death of Eleanor J. Horn, totaling $50,000,000.00;

b. For their costs expended herein;

c. For a jury trial on all issues so triable;

d. For pre- and post-judgment interest as allowed by law; and

e. For any and all other necessary and proper relief to which they may appear entitled.

Respectfully submitted,

*/s/ Liz J. Shepherd*
Tyler S. Thompson (KBA No. 81736)
Liz J. Shepherd (KBA No. 84033)
Dolt, Thompson, Shepherd & Conway, PSC
13800 Lake Point Circle
Louisville, Kentucky 40223
(502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com

Jamie Hatton
Hatton & Watts Law Office, PSC
95 Main Street
Suite B
Whitesburg, Kentucky 41858
606-633-4878
jamie@hattonandwatts.com
*Counsel for Plaintiffs*